UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENNIE SPRY, JR.,

    Plaintiff,

v.                                          Case No. 8:11-cv-1614-T-23TGW

SHERIFF GRADY JUDD, et al.,

    Defendants.
    _____/

## O R D E R

Spry's complaint alleges that the defendants violated his civil rights by arresting him based on a falsified complaint. Spry was granted leave to proceed in forma pauperis. (Doc. 5) The Prisoner Litigation Reform Act requires dismissal of an in forma pauperis prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although entitled to a lenient construction, Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), the pro se complaint lacks merit.

Spry alleges that a private citizen knowingly, falsely accused him of committing a crime. Acting on the complaint, deputy sheriffs arrested Spry for kidnapping and robbery. While effecting Spry's arrest at his home, deputies saw a gun inside Spry's car. Because Spry was charged in this federal court (8:09-cr-97-T-26MAP) with being a felon in possession of a firearm, the state nolle processed the kidnapping and robbery

charges shortly before Spry's jury trial. Spry pleaded guilty to the federal charge and serves 151 months.

Spry sued the complainant and the Polk County Sheriff's Department ("PCSD") in an earlier civil rights case, Bennie Spry v. Patricia Turner, et al., 8:11-cv-531-T-33TGW, which case was dismissed because the complainant is not a state actor and the PCSD is not a legal entity subject to suit. Spry's present complaint, which sues Sheriff Grady Judd and unknown deputies, lacks merit. Spry fails to allege any facts showing Sheriff Judd's personal involvement in the arrest. The complaint must allege facts showing the involvement of each defendant in the deprivation of Spry's civil rights. Spry cannot base a Section 1983 claim on respondeat superior. Monell v. N.Y.C. Dep't of Social Services, 436 U.S. 691, 694 (1978); Buckner v. Toro, 116 F.3d 450 (11th Cir. 1997).

Although his civil rights complaint alleges that he was arrested without a warrant, Spry's complaint in the earlier case admitted that he was arrested pursuant to a warrant. Similarly, Spry's plea agreement in the federal case states that the deputies "went to [his] mother's residence . . . to execute a valid arrest warrant for the defendant." (Doc. 22 at 15 in 8:09-cr-97-T-26MAP) Police officers, who in good faith execute a facially valid arrest warrant, are immune from suit for a claim of false arrest. Pickens v. Hollowell, 59 F.3d 1203, 1207 (11th Cir. 1995); Fullman v. Graddick, 752 So. 2d 553, 561 (11th Cir. 1984). See also Montoute v. Carr, 114 F.3d 181, 184 (11th Cir. 1997) ("In order to be entitled to qualified immunity from a Fourth Amendment claim, an officer need not have actual probable cause but only 'arguable probable cause,' i.e., the facts and circumstances must be such that the officer reasonably could have believed that

probable cause existed."). Spry asserts no facts implying that, at the time of the arrest, the deputies knew that the complaint was allegedly false. Spry alleges that the deputies learned that the complainant's allegations were false a year after his arrest.

Spry contends that the PCSD should have released him when the deputies discovered the alleged falsity of the complainant's allegations. But by then Spry also faced a charge of being a felon in possession of a firearm. Apparently Spry erroneously believes that the alleged falsity of the complainant's allegation eviscerates the legality of the deputies' presence at his mother's house, which is when the deputies discovered the gun in plain view inside his car. The deputies' presence was legal because they were executing a facially valid arrest warrant. Consequently, Spry's continued confinement was proper.

Accordingly, the civil rights complaint is **DISMISSED**. The clerk shall enter a judgment against Spry and close this case.

ORDERED in Tampa, Florida, on September 2, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE